**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETS**

| | |
|---|---|
| DREW WEAVER, On Behalf of Himself and All Others Similarly Situated, Plaintiff, vs. NOVELOS THERAPEUTICS, INC., and HARRY S. PALMIN, Defendants. | Case No. 1:10-CV-10394-NMG <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FRANK C. VERK
FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL
<u>OF SELECTION OF LEAD AND LIAISON COUNSEL</u>**

Class Member Frank C. Verk ("Movant") respectfully submits this memorandum of law in support of his motion for an Order: (i) appointing him Lead Plaintiff in this action pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and 15 U.S.C. §78u-4(a); (ii) approving his choice of The Brualdi Law Firm, P.C. ("The Brualdi Law Firm"), as Lead Counsel, and Shapiro Haber & Urmy LLP as Liaison Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.[1]

## I.   INTRODUCTION

Presently pending before this Court is a putative class action lawsuit brought on behalf of purchasers of Novelos Therapeutics, Inc. ("Novelos" or the "Company") common stock between December 14, 2009 and February 24, 2010, inclusive (the "Class Period") against the Company and Harry S. Palmin ("Palmin"), the President, Chief Executive Officer, and director of the Company.

Movant suffered losses of approximately $168,823.00 in connection with his purchases of Novelos securities during the Class Period, and is well qualified to vigorously prosecute this action on behalf of his fellow class members. Movant also has selected The Brualdi Law Firm, which is an experienced and capable firm in securities class action litigation, to serve as Lead Counsel and Shapiro Haber & Urmy LLP to serve as Plaintiff's Liaison Counsel.

Accordingly, Movant should be appointed as Lead Plaintiff and his chosen counsel should be appointed as Lead Counsel and Liaison Counsel.

---

[1] Movant has submitted a signed, sworn certification as required by §21D(a)(2)(A)(i)-(vi) of the Exchange Act. *See* Exhibit 1 to the Declaration of Thomas G. Shapiro, dated May 4, 2010, filed in support of this Motion ("Shapiro Decl."), filed concurrently herewith. The PSLRA specifically authorizes any class member, regardless of whether the class member has filed a complaint, to move for appointment as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

**II.     FACTUAL BACKGROUND[2]**

Novelos Therapeutics, Inc. is a biopharmaceutical company commercializing oxidized glutathione-based compounds for the treatment of cancer and hepatitis.

During the Class Period, Defendants allegedly issued materially false and misleading statements regarding the Company's business. As a result of Defendants' false statements, Novelos stock traded at artificially inflated prices during the Class Period.

The Weaver Complaint alleges that on February 24, 2005, the Company issued a press release that reported that the primary endpoint of improvement in overall survival was not met in the NOV-002 Phase 3 trial, and that the Company further announced that detailed trial results were expected to be presented via an appropriate scientific venue later this year. The release allegedly stated:

> "We are very disappointed that our pivotal Phase 3 lung cancer trial did not meet the primary survival endpoint," said Harry Palmin, President and CEO of Novelos. "We were hopeful of a positive outcome based on our statistical model simulations and stated assumptions. In retrospect, it appears our simulations were inaccurate due to trial data deviating from our statistical model, the impact of censoring patterns, and ***control arm survival exceeding our expectations based on historical precedents***. We will conduct a thorough analysis of all the data, and expect to present detailed Phase 3 lung cancer trial results later this year.

 (Emphasis added).

Following the announcement of the results of the NOV-002 Phase 3 trial, shares of the Company's stock declined more than 80%, from a close of $1.65 per share on February 23, 2010, prior to announcement of the results of the NOV-002 Phase 3 trial, to a close of $0.32 per share on February 24, 2010, after announcement of the Phase 3 trial results, on unusually heavy trading volume.

---

[2] All facts are drawn from the allegations in the complaint entitled *Weaver v. Novelos Therapeutics, Inc., et. al.* (the "Weaver Complaint").

**III.    ARGUMENT**

    **A.    <u>Movant Should Be Appointed Lead Plaintiff</u>**

        **1.    Movant Satisfies All Three Requirements of §21D(a)(3)(B) of the PSLRA and Should Be Appointed as Lead Plaintiff**

The PSLRA provides guidelines for the appointment of lead plaintiff or plaintiffs to oversee class actions brought under the federal securities laws. *See Coopersmith v. Lehman Bros.*, 344 F. Supp. 2d 783 (D. Mass. 2004).

First, within twenty (20) days of the time a class action is filed, the plaintiff(s) must publish notice advising class members of the pendency of the action and of their right to move within sixty (60) days of the publication notice to be appointed Lead Plaintiff.  §21D (a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA provides:

> The plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported class
>
>     (I)    of the pendency of the action, the claims asserted therein and the purported class period; and
>
>     (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).

Here, counsel in the Weaver Action caused the required notice to be published on March 5, 2010 over *GlobeNewswire*, a national newswire service. *See* Shapiro Decl. Exh. 2. This notice advised class members of the pendency of the securities class action lawsuit against Novelos and Palmin, the claims asserted therein, the Class Period and their right to move for lead

plaintiff within sixty (60) days from publication of the notice on March 5, 2010.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, within 60 days after the publication notice, any class member or members of the class may move the Court to serve as Lead Plaintiff whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A) and (B).  The present motion by the Movant is timely filed within 60 days from publication of the notice on March 5, 2010 and the statutory requirement of the PSLRA is satisfied.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Third, the PSLRA provides that within 90 days after the publication of the notice, the Court shall consider any motion made by a class member or group comprised of class members and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B).  In so doing, the Court must apply a rebuttable presumption that the Movant with the largest financial interest is the most adequate plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Moreover, the Court must allow an opportunity for other class members to rebut the presumptive lead plaintiff's showing that he or she meets Rule 23's typicality and adequacy requirements.  *See State Univ. Ret. Sys. v. Sonus Networks, Inc.*, 2006 U.S. Dist. LEXIS 93328 (D. Mass. Dec. 27, 2006); *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

### 2. Movant Possesses the Largest Financial Interest in the Litigation and Should Be Presumed Lead Plaintiff

The PSLRA provides that the Court:

> shall appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of class members (hereinafter in this paragraph referred to as the "most adequate lead plaintiff") in accordance with this subparagraph.

4

15 U.S.C. §78u-4(a)(3)(B)(i).

Moreover, the PSLRA's "most adequate plaintiff" provision also requires this Court to adopt a rebuttable presumption that:

> The most adequate plaintiff in any private action arising under this title is the person or group of person[s] that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice…;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class;
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also State Univ. Ret. Sys.* at *3 – 4 (same).

During the Class Period, Movant purchased Novelos common stock at inflated prices as a result of Defendants' materially false and misleading statements. Therefore, Movant possesses a significant financial interest in the outcome of this litigation. Specifically, Movant suffered losses of approximately $168,823.00 by virtue of his investment in Novelos securities as a result of Defendants' materially false and misleading statements and omissions.[3] Thus, in the absence of a greater claimed loss, Movant is presumptively the "most adequate plaintiff" to serve as the

---

[3] Pursuant to §21(D)(e)(I) of the Exchange Act, the calculated damages for plaintiffs holding their shares through the end of the class period are "the difference between the purchase or sale price paid or received… and the mean trading price of that security during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. §78u-4(e)(1). For the purposes of calculating damages in the case at bar, the 90 day period began on February 24, 2010 and will end on May 25, 2010. Accordingly, Movant calculated a "mean" of $0.23, which is the average closing price of Novelos stock beginning on February 24, 2010 through April 30, 2010, inclusive.

5

representative of the Class herein. *See* Chart of Movant's Purchases and Losses, Shapiro Decl. Exh. 3.

### 3. Movant Meets the Requirements of Rule 23 of the Federal Rules of Civil Procedure

As noted above, §21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that the lead plaintiff(s) must also "otherwise satisfy[y]" the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(c).

With respect to the qualifications of the class representatives, Rule 23(a) requires generally that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed Lead Plaintiff.

#### a. Movant's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories. *In re Organogenesis Secs. Litig.*, 241 F.R.D. 397, 400 (D. Mass. 2007). The threshold typicality requirement is not high. Rule 23(a) requires only that that plaintiff's injuries arise from the save events or course of conduct as do the injuries that form the basis of the class of claims. *Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 260 (D. Mass. 2005). Here, Movant satisfies the typicality requirement because he (1) purchased Novelos common stock during the Class Period; (2) purchased Novelos common stock in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages thereby. Thus, Movant's claims are typical of those of other class

members since his claims and the claims of other class members arise out of the same course of events.

### b. Movant Will Fairly and Adequately Represent the Interests of the Class

Under Rule 23(a)(4), the representative plaintiff must also "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Movant to represent the class to the existence of any conflicts between the interests of Movant and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of a potential conflict between the named plaintiff and the class members; and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991).

Movant's interests clearly are aligned with the members of the class and there is no antagonism between their interests. Movant amply has demonstrated his adequacy as class representative by signing a sworn certification affirming his willingness to serve as, and assume the responsibilities of, class representative. *See* Shapiro Decl. Exh. 1.

In addition, Movant has selected counsel experienced in prosecuting securities class actions to represent him. *See Swack* at 267 (finding that plaintiff "easily satisfie[d] the second prong of the adequacy test," where counsel had "broad-based experience in complex litigation, including experience in securities fraud class actions in this district and others").[4] Accordingly, Movant, as well as his counsel, satisfies the requirements of Rule 23 and all of the PSLRA's

---

[4] Indeed, [Proposed] Liaison Counsel here, Shapiro Haber & Urmy LLP, was appointed lead counsel in *Swack*.

prerequisites for appointment as Lead Plaintiff in this action, and, accordingly, should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 4. This Court Should Approve Movant's Choice of Lead Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb Lead Plaintiff's choice of counsel unless necessary to protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Leech v. Brooks Automation, Inc.*, 2006 U.S. Dist. LEXIS 90153, *12 (D. Mass. 2006) ("Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class.").

Movant has selected The Brualdi Law Firm, P.C. to serve as Lead Counsel for the class and Shapiro Haber & Urmy LLP as Liaison Counsel. Movant's chosen counsel and liaison counsel possess experience in litigating securities class actions and have successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Shapiro Decl. Exhs. 4 and 5. As a result, this Court may be assured that the members of the class will receive the highest caliber of legal representation available.

## IV. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that this Court: (i) appoint Movant Frank C. Verk as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Movant's selection of The Brualdi Law Firm to serve as Lead Counsel and Shapiro Haber & Urmy LLP as Liaison Counsel for the class.

Dated: May 4, 2010                    Respectfully submitted,


                                      **/s/ Thomas G. Shapiro**
                                      Thomas G. Shapiro (BBO# 454680)
                                      Adam M. Stewart (BBO# 661090)
                                      Shapiro Haber & Urmy LLP
                                      53 State St.
                                      Boston MA, 02109
                                      Telephone: (617) 439-3939
                                      Fax: (617) 439-0134
                                      tshapiro@shulaw.com
                                      astewart@shulaw.com

                                      [Proposed] Liaison Counsel for
                                      Movant Frank C. Verk


                                      **THE BRUALDI LAW FIRM, P.C.**
                                      Richard B. Brualdi
                                      David Titus
                                      29 Broadway, 24th Floor
                                      New York, NY 10006
                                      Tel:  (212) 952-0602
                                      Fax:  (212) 952-0608
                                      rbrualdi@brualdilawfirm.com
                                      dtitus@brualdilawfirm.com

                                      [Proposed] Lead Counsel for
                                      Movant, Frank C. Verk


## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 4, 2010.

                                      **/s/ Thomas G. Shapiro**
                                      Thomas G. Shapiro

9